James Terry ROACH, Appellant,

v.

Warden James AIKEN, Central Correctional Institution, Columbia, South Carolina, and T. Travis Medlock, Attorney General for South Carolina, Appellees.

No. 86-4001.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1986.

Decided Jan. 9, 1986.

J. Michael Farrell, O. Grady Query, and John H. Blume, III, for appellant.

Donald J. Zelenka, Chief Deputy Atty. Gen. (T. Travis Medlock, Atty. Gen.), for appellees.

Before WIDENER, ERVIN and SNEEDEN, Circuit Judges.

PER CURIAM:

This is the second occasion on which the question of the death sentence imposed in Roach's case has been before us.

The first occasion was in case No. 84–4003 decided March 20, 1985, 757 F.2d 1463. The opinion in No. 84–4003 recited the procedural history of this case which includes the appeal of the criminal conviction to the South Carolina Supreme Court; a petition for state post-conviction relief; and the previous proceeding in federal court. The Supreme Court of the United States has denied certiorari in the case on petitions for certiorari from the direct appeal of the conviction; from the state post-conviction proceeding; and from our previous decision in No. 84–4003.

The petition was filed in the district court in this case January 6, 1986 and was denied January 8, 1986.

We also have before us a motion for a stay of Roach's execution in connection with the appeal from the order of the district court denying the petition for habeas corpus.

In this court on appeal, as in the district court, Roach raises three grounds for habeas corpus relief. First, he contends that a present diagnosis of Huntington's Disease corroborates his claim that he was not acting voluntarily at the time of the killings, rape and robbery in question, and that the present diagnosis of Huntington's Disease would probably change the result if a new sentencing trial were had. Second, a proceeding presently pending before the Inter-American Commission on Human Rights sponsored by the Organization of the American States is designed to get a declaration that international law would not permit the execution of a man who committed a criminal offense while under the age of 18, and that we should require the state court to stay its action until the Commission has ruled on the issue. Third, the execution of a man suffering from Huntington's Disease is itself in violation of the Eighth and Fourteenth Amendments and is excessive and disproportionate and serves no penological purpose.

There is not and has not been any evidence in this record that Roach was insane at the time of the committing of the crimes or at any time since. The mere diagnosis of Huntington's Disease is an insufficient reason to delay or stop his execution. Such a diagnosis, although not then made, was contemplated and discussed in our previous opinion in this case. Thus, we are of opinion that all of the questions raised in the present petition with respect to Huntington's Disease are without merit.

Even if the action of the Commission would have any effect on this proceeding, which is doubtful at the very best, we are advised that the Commission has not decided that the execution of a man for an offense committed while he was 17 years of age is cruel, inhuman, or unusual punishment under international law. We have no communication from the Secretary of State of the United States, with whom the Commission has communicated, seeking a stay in this proceeding. The United States has not taken part in this proceeding at all. The Governor of South Carolina has also declined to act in Roach's behalf despite a like communication from the Commission.

We are of the opinion that the fact the matter may be considered by the Commission on Human Rights is an insufficient reason to either stay or stop Roach's execution. Most importantly, we are not advised that the United States has any treaty obligation which would require the enforcement, in the domestic courts of this nation, state and federal, of any future decision of the Commission favorable to Roach.

There being no merit to Roach's various contentions in the instant petition, we need not rely upon the fact that the present petition for habeas corpus is probably an abuse of the writ, although that may well be the case.

The application for a certificate of probable cause is denied and the appeal will be dismissed.

The motion for a stay of the order of the state court requiring Roach's execution, shall be, and it hereby is, denied.

The mandate in this case will issue forthwith.

APPEAL DISMISSED.